ALFREDO CAMPOS, Petitioner, *v.* DISTRICT COURT OF PONCE, Respondent.

No. 517. Argued May 24, 1926.—Decided June 26, 1926.

*Leopoldo Tormes* for the petitioner. *Tous Soto & Pérez Marchand* appeared specially in the name of the respondent.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The petitioner contends that the District Court of Ponce had no jurisdiction to grant extensions of time for the presentation of a transcript of the evidence on motion for a new trial.

The record shows that the court rendered judgment for the plaintiff on July 30, 1925; that a motion for a new trial was filed on August 10, 1925; that on August 17, 1925, the defendant moved for an extension of ten days to prepare and submit to the court a statement of the case on which the motion was based; that the motion was not ruled on by R. Díaz Cintrón, the presiding judge; that on August 29, 1925, the defendant appealed from the judgment to the Supreme Court and stated in the notice that the appeal was taken without prejudice to the pending motion for a new trial; that on the same day the defendant moved that the court order the stenographer to prepare a transcript of the evidence "to be used in place of a bill of exceptions and statement of the case in the appeal," which motion was sustained by Judge R. Díaz Cintrón on September 5, 1925; that thereafter a motion for a new extension of twenty days for the preparation of the statement of the case for the new

trial was filed on August 26, 1925, which also was not ruled on by the court; that on September 19, 1925, another motion was filed stating "that the extension of twenty days granted by the court to file the statement of the case for the purpose of the motion for a new trial being insufficient," a new extension of twenty days was moved for, which motion was ruled on by the then presiding judge as follows: "The new extension moved for is hereby granted.—R. H. Todd, Jr."

On the ground that although the transcript of the evidence had been filed by the stenographer but had not been certified to by the trial judge, six additional motions for further extensions for the preparation of the statement of the case were made and granted. On February 15, 1926, Judge Todd ruled that he had no jurisdiction to approve the "transcript of the evidence" presented to him because he had not presided at the trial. On March 8, 1926, a new extension of thirty days for the preparation and filing of the "statement of the case for the purposes of the new trial" was granted by the court at the instance of the appellant.

Then follows a motion addressed to Judge R. Díaz Cintrón to set a day for the approval of "the transcript of the evidence prepared by the stenographer of this court for the purposes of the appeal taken to the Supreme Court." On the following day the plaintiff moved that the prior motion be set for hearing and on the 23rd of the same month filed objections to the granting of a new trial on the ground, among others, that no period of time to settle the transcript of the evidence upon which the motion for a new trial was made was available. On the same day the court refused to consider the question raised by that motion because the transcript had not yet been approved, and on the 30th of the same month the appellee's motion was overruled. The original record finally shows that a motion dated April 17, 1926, for a new extension of thirty days for the preparation of the statement of the case for the new trial was filed.

The question to be settled is whether Judge Todd had jurisdiction to grant the extensions allowed on September 24, 1925, and later without any ruling on the prior motions for extensions.

The rule that an extension can not be granted after the expiration of the period sought to be extended is universally recognized and has been applied by this court. Recently, in the case of *Durán Gallardo* v. *Coll, ante,* page 105, this court said:

"After the appeal was taken in this case the lower court ordered the stenographer on December 18, 1923, to prepare a transcript of the evidence for the appeal within twenty days to expire on January 7, 1924. Seven days after the expiration of this period, or on January 14, 1924, the stenographer asked that the prior period be extended and on the following day the court granted him an extension of thirty days to expire on February 15th. On April 3, 1924, the stenographer requested a new extension of ninety days, but there is no record of its having been granted by the court. On June 14, 1924, the stenographer presented the transcript of the evidence. The appellees moved the lower court to strike out that transcript because it was filed outside of the statutory period but that motion was not ruled on and the transcript was approved by the said court on January 23, 1925. On these facts the appellees moved this court to strike the transcript from the record on appeal because the district court exceeded its jurisdiction in approving it.

\* \* \* \* \* \* \*

"The appelles are right, for after the expiration on January 7, 1924, of the period of twenty days granted the stenographer for preparing and presenting the transcript of the evidence, without his having requested an extension within that time, the district court had no jurisdiction to extend on January 15th a period which had already expired, as held in the case of *Claudio* v. *Ortiz,* 29 P.R.R. 404, and others therein cited. The extension requested by the stenographer on April 3, 1924, does not appear to have been granted by the court, but even if it had been granted it would be as void as the prior extension for the same reason."

This case differs from the case of *Durán Gallardo* v. *Coll* in that although the motions for extensions had not been ruled on, they were filed in time and may be presumed to

have been sustained impliedly by the later attitude of the court, or to be pending decision. It is well known that the rule is complied with when the motion for an extension is filed before the expiration of the period sought to be extended although the ruling thereon is thereafter entered, in which case the said ruling takes effect from the date of the expiration of the period so extended.

It not having been shown that the court had no jurisdiction to allow the extensions, the writ of certiorari should be discharged.